**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALFREDO CARRILLO-LOZANO, a.k.a Alfredo Lozano Carrillo,<br><br>    Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 07-73779<br><br>Agency No. A014-603-497<br><br><br>MEMORANDUM[*] |

| | |
|---|---|
| ALFREDO CARRILLO-LOZANO, a.k.a Alfredo Lozano Carrillo,<br><br>    Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 08-70147<br><br>Agency No. A014-603-497 |

| | |
|---|---|
| ALFREDO CARRILLO-LOZANO, A United States citizen, | No. 09-17802<br><br>D.C. No. 2:07-cv-01861-GMS |

----

   [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Petitioner - Appellant,

v.

CHARLES DE ROSA, Warden, Eloy
Detention Center; et al.,

Respondents - Appellees.

Appeal from the United States District Court
for the District of Arizona

Submitted May 17, 2012[**]
San Francisco, California

Before: REINHARDT, CLIFTON, and N.R. SMITH, Circuit Judges.

Alfredo Carrillo-Lozano ("Carrillo") petitions pro se for review of the Board
of Immigration Appeals' ("BIA") dismissal of his appeal of an Immigration
Judge's ("IJ") decision denying termination based on his citizenship claim. The
BIA found that Carrillo failed to establish citizenship through his mother and that
the Department of Homeland Security ("DHS") met its burden of proof on the
alienage issue. Carrillo additionally petitions for review of the BIA's denial of his

---

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

motion to reconsider. The two previous petitions were consolidated and transferred to the District Court for the District of Arizona for a determination of Carrillo's citizenship claim. Carrillo now seeks review of the district court's determination that he is not a United States citizen. Lastly, Carrillo seeks review of the district court's denial of his habeas petition challenging his detention. We have jurisdiction under 8 U.S.C. § 1252. We deny the petitions and affirm the district court's determination that Carrillo is not a United States citizen.

1.     The district court did not abuse its discretion in appointing an expert in Mexican family law, under either Federal Rule of Civil Procedure 44.1 or Federal Rule of Evidence 706. Even though the district judge was friends with the expert, there is no evidence of bias. Additionally, the district court's interpretation of Mexican law as applied to these facts was not error.

The district court did not err in admitting the marriage certificate, because it complied with Federal Rule of Evidence 902(3). The district court also did not abuse its discretion in excluding evidence that Carrillo's parents lived in a free union, because it was hearsay and not reliable. *See* Fed. R. Evid. 403. Even if the district court erred in excluding this evidence, such error was harmless. The district court concluded that, even if the document were admissible, it was not persuasive.

3

2.     After a bench trial, a district court's "[f]indings of fact . . . must not be set aside unless clearly erroneous." Fed. R. Civ. P. 52(a)(6). "This has been interpreted to mean that the trial judge's finding of fact cannot be set aside unless, 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anti-Monopoly, Inc. v. Gen. Mills Fun Grp., Inc.*, 684 F.2d 1316, 1318 (9th Cir. 1982) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see also United States v. Spangle*, 626 F.3d 488, 497 (9th Cir. 2010) ("In order to reverse a district court's factual findings as clearly erroneous, we must determine that the district court's factual findings were illogical, implausible, or without support in the record."). Here, the district court's factual determination that Carrillo's parents were married at the time of Carrillo's birth is not clearly erroneous. Therefore, under former INA § 309(c), 8 U.S.C. § 1409(c), Carrillo does not qualify for citizenship.

3.     Carrillo's habeas appeal was reinstated and is properly before this court. Because Carrillo's habeas petition on appeal only challenges his detention based upon a citizenship claim,[1] the appeal of that issue is denied as moot.[2]

**PETITIONS FOR REVIEW DENIED; HABEAS APPEAL DISMISSED AS MOOT.**

---

[1] In his habeas petition, Carrillo also challenged the length of his detention without a bond hearing, which the district court denied as moot after Carrillo received a bond hearing.  Carrillo did not challenge this denial in his opening brief. Thus, it is waived.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (issue not argued in opening brief deemed waived).

[2] Carrillo's F.R.A.P. 23(b) Motion for Release from Custody Pending Habeas Corpus Appeal as of Right and motion to reinstate oral argument are also denied as moot.